UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JONATHAN R. BROWN, Petitioner | CIVIL DOCKET NO. 1:19-CV-1386-P |
| VERSUS | JUDGE DRELL |
| CHRIS MCCONNELL, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by *pro se* Petitioner Jonathan R. Brown ("Brown") (#21106-078). Brown is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the Federal Correctional Institution in Pollock, Louisiana.

Because Brown cannot show that 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his conviction and sentence, the Petition (ECF No. 1) should be DISMISSED for lack of jurisdiction.

## I.   Background

Brown pleaded guilty in the United States District Court for the Eastern District of Texas and was convicted of Hobbs Act Conspiracy in violation of 18 U.S.C. § 1951(a), and Use, Carrying, and Brandishing of a Firearm During a Crime of Violence and Aiding and Abetting in violation of 18 U.S.C. § 924(c)(1)(A)(ii) & Sec. 2. (Case No. 6:13-CR-0039, E.D. Tex.; ECF No. 243). Brown was sentenced to 264 months of imprisonment. (Case No. 6:13-CR-0039, E.D. Tex.; ECF No. 243).

Brown did not appeal his conviction or sentence, or file a motion to vacate under 28 U.S.C. § 2255 in the district court.

II.    **Law and Analysis**

In his § 2241 Petition, Brown claims that his conviction is unlawful under *United States v. Davis*, 139 S.Ct. 2319 (2019). A federal prisoner may challenge his conviction and sentence under either §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

Section 2255 is the primary mechanism for collaterally attacking a federal sentence. A petition under § 2255 must be filed in the sentencing court. *Id.* Section 2241 is used to challenge the manner in which a sentence is executed. A petition under § 2241 must be filed in the district of incarceration. *Id.* "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Id.* at 452.

Because Brown's Petition (ECF No. 1) attacks the validity of his conviction and sentence, the claim should be raised in a § 2255 motion in the Eastern District of Texas. *Id.*

A prisoner may attack the validity of his conviction in a § 2241 petition only if he can meet the requirements of the savings clause of § 2255(e) and show that the § 2255 remedy is inadequate or ineffective to challenge his conviction. *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000); *Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000).

Brown claims that his sentence is unlawful under <u>Davis</u>, which recognized a new rule of constitutional law that applies retroactively on collateral review. *United States v. Reece*, 938 F.3d 630, 634-35 (5th Cir. 2019). However, Brown has never filed a § 2255 motion, and time remains on the limitations period within which to file one. 28 U.S.C. § 2255(f)(3). Therefore, Brown has not established that § 2255 is inadequate or ineffective to challenge the legality of his conviction and sentence.

## III.  <u>Conclusion</u>

Because Brown has not shown that § 2255 is inadequate or ineffective to challenge the legality of his conviction, Brown's § 2241 Petition (ECF No. 1) should be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Brown's claim.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

---

[1]*See Pack*, 218 F.3d at 454 ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without prejudice* regarding all other issues."); *Reed v. Young*, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 7th day of January 2020.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE